# IN THE COURT OF APPEALS OF IOWA

No. 21-0987
Filed October 20, 2021

**IN THE INTEREST OF K.B. JR.,**
**Minor Child,**

**T.T., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Jennifer Margaret Triner Olsen, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Rebecca C. Sharpe of Aitken, Aitken & Sharpe, P.C., attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

A mother appeals the termination of her parental rights.[1]  She argues the State failed to prove the grounds for termination by clear and convincing evidence and it is not in the child's best interests to terminate her rights due to the closeness of the child's bond with the mother and half-siblings.

The child tested positive for marijuana at birth.  In the first year of the child's life, the mother and father engaged in violent domestic disputes in the child's presence.  The child has been present during two car chases, one involving police, and one police raid on the mother's home due to drug trafficking.  The mother has struggled at times to set meaningful boundaries with the father, going so far as to violate the safety plan set in place by allowing the father to live in her home.  Although she has participated in some drug testing, the mother refused sweat-patch testing and failed to appear for multiple requested tests.

Since the Iowa Department of Human Services (DHS) became involved in the child's life, the case has progressed to reunification planning twice.  The first reunification effort ended when the mother's home was raided and she was arrested on a drug charge.  The second time, the mother absconded with the child during what was supposed to be an overnight visit.

The child was adjudicated in need of assistance pursuant to Iowa Code section 232.2(6)(c)(1)–(2), (n), and (o) (2019).  The mother's parental rights were terminated pursuant to Iowa Code section 232.116(1)(d) and (h) (2020).  The mother appeals.

---

[1] The father's parental rights were also terminated.  He does not appeal.

We review terminations of parental rights de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* at 706. The State bears the burden to prove grounds for termination by clear and convincing evidence, which exists if there are no "serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *Id.* at 706–07 (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence."[2] *Id.* at 707. "Our primary concern is the best interests of the child." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The mother contests only the last element of Iowa Code section 232.116(1)(h), that "[t]here is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time."[3]

The mother has not consistently complied with drug-testing requirements. DHS providers noted the mother's clothing smelled like marijuana when she would appear for visits. Over time, the mother participated in treatment and some urinalysis testing that showed she was not using any substances. But she also refused to participate in sweat-patch testing and failed to appear for other requested testing. The mother has also posted videos on social media showing her "smoking cigars and simulating marijuana use." The juvenile court noted,

---

[2] We choose to rely on Iowa Code section 232.116(1)(h).
[3] The other three elements are proved by the child's age, adjudication as a child in need of assistance, and removal from parental custody since July 2019 with no trial period at home lasting thirty days or more. Iowa Code § 232.116(1)(h)(1)–(3).

"[s]he is either continuing to use marijuana, but to a much less frequent extent, or she wants others to believe she is still using marijuana. Both reflect very poorly upon her as a mother because drug exposure was an adjudicatory harm in this case."

The mother has struggled with being honest with her providers and advocates. She refused to sign release documents that would allow her therapist and substance-abuse treatment providers to speak with DHS about her progress. Although the mother's therapist testified she has experienced growth and internalized skills to manage her behavior, DHS has no way to verify that treatment providers have been given accurate information from the mother. The mother also made false abuse allegations about the spouse of a relative who served as a placement for the child, leading to the child's placement in foster care. Although the mother has secured housing that is appropriate for the child, she refused to provide evidence that she is able to maintain that housing without assistance or that she is actually the person named on the lease until the termination hearing.

The record reveals that the mother and child share a bond. *See* Iowa Code § 232.116(3)(c). However, the child has progressed socially and behaviorally while residing with the foster family. Prior concerns related to the child biting providers and other children and having meltdowns have been relieved. The child is integrated into the foster family, who is interested in adoption. The foster family has also engaged with the parent of a half-sibling to ensure the maintenance and growth of the sibling relationship.

We appreciate that the mother loves the child and has engaged in some services to work toward reunification. But we must review the record to determine

whether the child could have been returned to the mother's care at the time of termination. *Id.* § 232.116(1)(h)(4). At the time of termination, the mother failed to allow her mental-health and substance-abuse providers to openly communicate with DHS, which apparently may have been favorable to her. Although the mother insisted she no longer used illegal substances, she projected an image of use for the public. She repeatedly placed her own desires over the needs of the child by fabricating abuse allegations to have the child removed from a familial placement, refusing to participate in drug testing out of frustration with DHS, and allowing people with a history of drug use and domestic violence to be around the child. This child deserves permanency now and we will not "ask[] [the child] to continuously wait for a stable biological parent, particularly at such [a] tender age[]." *D.W.*, 791 N.W.2d at 707. On our de novo review of the record, we find the State proved the grounds for termination pursuant to section 232.116(1)(h) by clear and convincing evidence. *Id.* at 706–07.

In considering whether termination is in the best interests of a child, we consider "the child's safety, . . . the best placement for furthering the long-term nurturing and growth of the child, and . . . the physical, mental, and emotional condition and needs of the child." *Id.* at 708 (quoting Iowa Code § 232.116(2)). Although the mother desires to parent the child, the record reveals that she is not yet able to consistently provide for the child's wellbeing. *Id.* Finally, this child is at an adoptable age and integrated into a family who is interested in adoption and continuing to foster sibling relationships. *See* Iowa Code § 232.116(2)(b). Even

though the mother and child share a bond, it is not so strong that termination would be detrimental to the child.  *Id.* § 232.116(3)(c).

**AFFIRMED.**